UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE OF MICHIGAN, et al.,

      Plaintiffs,

                                       Case No. 1:23-cv-1192

v.

                                       Hon. Hala Y. Jarbou

THOMAS JOSEPH DE LEON, SR.,

      Defendant.

_____/

## ORDER OF SUMMARY REMAND

This case is Defendant Thomas Joseph De Leon, Sr.'s fourth attempt to remove state-court criminal proceedings against him to this Court. The first three attempts resulted in summary remands back to state court. This matter faces the same result.

In *Michigan v. De Leon*, No. 1:23-cv-341 (W.D. Mich.), Defendant attempted to remove 63rd District Court case number 2021-D2103505-ST. The Court summarily remanded the case because the notice of removal was substantively and procedurally defective. In *Michigan v. De Leon*, No. 1:23-cv-342 (W.D. Mich.), he attempted to remove 63rd District Court case number 2022-D2200042-ST. The Court summarily remanded that case for similar reasons. In *Michigan v. De Leon*, No. 1:23-cv-343 (W.D. Mich.), he attempted to remove 63rd District Court case number 2021-21X3996390-ST. Once again, the Court summarily remanded his case as substantively and procedurally defective.

Here, Defendant is apparently attempting to remove the three aforementioned state-court cases, as well as case number 23CT1946-OT from the 62A District Court in Wyoming, Michigan; all four of these cases are criminal matters. (*See* Notice of Removal 2, ECF No. 1.) Defendant's notice of removal is plainly defective.

The removal of criminal prosecutions from state court is governed procedurally by 28 U.S.C. § 1455 and substantively by 28 U.S.C. § 1443.  Procedurally, Defendant's notice of removal is defective because, on its face, § 1455 does not permit removal of multiple actions into one case in federal court.  It refers to removal of "a criminal prosecution," not multiple criminal prosecutions.  *See* 28 U.S.C. § 1455(b).

Substantively, a state court criminal action may be removed by the defendant to the district court where it is pending:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

For § 1443(1) to apply, "the right denied must arise under a federal law that 'provides for specific civil rights stated in terms of *racial equality*.'"  *Tenn. Dep't of Children's Servs. v. Winesburgh*, 614 F. App'x 277, 280 (6th Cir. 2015) (quoting *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989)) (emphasis added).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice."  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  Also, Defendant must show that he cannot enforce that right in the state courts.  *Id.* at 219.  "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied . . . or that the defendant is unable to obtain a fair trial in a particular state court."  *City of Greenwood v. Peacock*, 384 U.S. 808, 827 (1966). "Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the *rare situations* where it can be clearly predicted by reason of the operation of a

2

pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *Id.* at 828 (emphasis added).

Finally, for § 1443(2) to apply, Defendant must be a state officer. *Id.* at 824 n.22; *Detroit Police Lieutenants & Sergeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979).

Defendant has not satisfied either avenue available under § 1443.  He does not contend that he is a state officer.  Nor does he contend that he cannot enforce his rights in state court under a federal law that provides for equal rights in terms of racial equality.

Because "it clearly appears on the face of the notice [of removal]" that "removal should not be permitted," the Court will order a "summary remand."  28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS ORDERED** that the matters herein are **REMANDED** to state court.

Dated: November 17, 2023                    /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE